## STATE *v.* LADD.

In a prosecution for the sale of mortgaged property, contrary to the provisions of the statute, the value of the property sold, at the time of the sale, must be alleged in the indictment, and found by the jury.

INDICTMENT against the respondent for unlawfully and fraudulently selling to one Joseph C. Burley, at Epping, in this county, on the 5th day of April, 1854, a certain stud colt, which the respondent had mortgaged to one Nathaniel Ladd, on the 23d of March, 1853, without the consent, in writing, of said mortgagee on the back of said mortgage, and in the margin of the record thereof, in the office of the town clerk of Epping, where the same was recorded, to the great damage of said Joseph C. Burley, he being the party injured by the sale aforesaid, &c. The colt was alleged to have been of the value of eighty dollars at the time of the mortgage, but there was no allegation that he was of any value at the time of the sale.

The respondent moved that the indictment be quashed, because it did not allege the value of the stud colt, nor who was the injured party, with proper certainty.

This motion was denied, and the respondent excepted.

Evidence was introduced, tending to prove all the material allegations in the indictment, on the trial, February term, 1855, of the Court of Common Pleas.

Joseph C. Burley testified, that on the 5th of April, 1854, he exchanged colts with the respondent, and paid him, as boot,

fifteen dollars in money, and agreed to give him five dollars in use of his oxen; that the said boot was paid; that he resided in Newmarket, and the respondent and the mortgagee, Nathaniel Ladd, father of the respondent, resided in Epping; that the said Burley, at the time of making said trade, took a bill of sale of said stud colt, in which it was valued at eighty dollars, which, it was admitted on this trial, was the true value thereof. Said Burley testified, that at the time of making said exchange he asked the respondent if his father had any claim upon said stud colt, and the respondent replied that he had not; that he, said Burley, kept said stud colt a month, when said Nathaniel Ladd came and presented his said mortgage, and demanded said stud colt, and took him; that he then paid said Burley twenty dollars and returned to him the colt which the respondent had taken of Burley in the exchange. Said Nathaniel Ladd testified that three dollars, part of said twenty dollars, was his own money, and that the rest he received of the respondent.

To show that the person who administered the oath on the back of the mortgage was a justice of the peace, it was in evidence, that on and just before the time of administering said oath, he had in other matters acted as a justice of the peace.

The court charged the jury that such had been the practices of mortgagers making sales of mortgaged property without consent of the mortgagees, the act upon which this indictment was found was passed to give to a vendee in such cases a stringent and effectual remedy to recover a sum equal to the value of the property he might lose by such sale, as well as to redress the wrong done to society by such violations of just and equitable principles; that, by the express terms of the act, the offence was committed when the sale was completed; and, viewing the wrongs that were intended to be redressed by the act, the legislature must have viewed the vendee to be the party who was injured, because he had been wrongfully induced to part with his property without any consideration; that when the sale of the stud colt to Burley was completed, the offence had been fully committed, and the respondent was at that time liable to indict-

State *v.* Ladd.

ment therefor, and to forfeiture of double the value of the property thus sold ; that the State, having alleged in the indictment that said Burley was the party injured, it was necessary further to prove it ; but it was only necessary for them to prove it within the meaning of the statute ; and if at the time of the completion of the offence, said Burley was the party injured, then the right to the penalty rested both in him and in the county ; that no compensation made to Burley could cure the crime in the eye of the law, no more than it would in the case of larceny, where the owner of the property is entitled to recover three fold of the value of the property stolen, for the thief to pay to him that amount, or even more ; he would still be liable to be indicted and punished for the wrong done to society ; that although the father of the respondent may be in this case greatly wronged, far more so than the said Joseph C. Burley, and although the complainant may have received, after the commission of the offence, full and ample restitution, yet the court instructed the jury that the indictment was sufficiently proved in this respect, viz., that said Burley was the injured party. That the mortgage was duly sworn to, the court instructed the jury that the evidence that C. L. Godfrey acted as a justice of the peace in other matters, at and before the time of his attestation to the oath on this mortgage, was evidence from which it is competent for them to infer that he was then a justice of the peace.

The jury returned a verdict of guilty, which the respondent moved to set aside, and for a new trial, because of the errors in said instructions and rulings of the court, and because Harrison W. Bartlett, of Nottingham, one of the jurors on said trial, was a relative of the said Joseph C. Burley, the father of said Bartlett and the mother of said Burley being first cousins, which facts were unknown to the respondent, and to the prosecuting officer, until after the verdict was rendered.

*Stickney & Tuck*, for the respondent.

1. The indictment is defective, because it does not set forth the value of the stud colt which the respondent sold, and does

not set forth with sufficient certainty who was the injured party, and entitled to the penalty.

The indictment states the value of the colt at the time it was mortgaged, on March 23, 1853, but not at the time of the sale to Burley, on April 5, 1854. The value should be stated at the time of the sale, because the penalty is double the value of the property sold. Stating the value at the time of the mortgage is not sufficient, because the property may change in value; and it does not appear that the value is the same at the different times. The value at the time of the sale should be set forth, that the court may render the proper judgment.

The indictment should set forth with certainty who the injured party was that was entitled to the penalty.

2. The State should have proved that C. L. Godfrey, who made the certificate of the oath, was a justice of the peace. Proving that he had acted as such is not sufficient in criminal cases.

3. The instructions of the court to the jury, that the statute was enacted solely for the benefit of the vendee, and that he was, in contemplation of law, the only injured party, was erroneous.

If the sole object of the statute had been to protect the vendee, the language of the statute would have been more explicit, and would have so stated in express terms. The language of the statute is, " the injured party;" plainly implying that it might be the vendee, or the mortgagee, or some one else. If the view of the court be correct, then the statute has provided only a very partial and imperfect remedy for evils intended to be prevented. The mortgagee has no protection from the statute, however much he may be injured. It is evident that oftentimes the mortgagee may be the injured party, and the vendee not injured at all in fact, as in this case. In such case it does not seem to be reasonable or probable that the legislature intended that the vendee was in law the only injured party entitled to the penalty, when, in point of fact, he was not injured at all. *State* v. *Richmond*, 6 Foster 228.

In this case Nathaniel Ladd, the mortgagee, was the only

person injured by the sale to Burley. He was subjected to expense and trouble to get back the property mortgaged to him, whereas Burley suffered nothing.

4. One of the jurors was a relative of Burley, who claims one half of the penalty, and was consequently a party, or interested in the conviction of the respondent. The same rule must be applied as in civil cases. *Sanborn* v. *Fellows*, 2 Foster 482.

*Hatch*, Solicitor, for the State.

This indictment is founded upon Compiled Statutes, chap. 138, § 11 and § 13.

The motion to quash the indictment was not well founded.

1. Because the value of the colt *was stated* at eighty dollars in the indictment. It is true that this allegation of value relates to the date of the mortgage, March 23, 1853, and that the offence of selling the mortgaged property was committed April 5, 1854; but the ordinary presumption of law applies to this case: that the state of things existing at any date continues till a change is shown.

No damage or inconvenience can have resulted to the respondent by the omission to repeat the allegation of value in averring the unlawful sale. The amount of the penalty may be fixed by a definite finding of the jury, which the respondent had *at the trial* a right to ask, or the true value of the mortgaged property may be shown to the court by affidavits. Upon a general verdict, the presumption is that the jury find the value to be the same that is stated in the bill.

2. The objection that the indictment does not set forth who was the injured party, is not well founded in fact.

II. It was not necessary to produce the commission of the justice who administered the oath to the parties on the mortgage. It was shown that he was an acting magistrate, and there is no reason why such proof should not be sufficient in criminal as well as in civil cases.

And it was not necessary to maintain this prosecution to show

that the mortgage was sworn to at all. It was a valid mortgage without the oath. Compiled Statutes, chap. 138, § 10.

III. The charge to the jury was correct. The statute (Compiled Statutes, chap. 138, § 13,) speaks of " the party injured" in the singular number. The statute evidently intends but one *injured party*. Neither can the penalty be apportioned for the benefit of two or more parties who may be injured by the offence. What party, then, did the statute contemplate? The mortgagee is not injured by the unlawful sale of the mortgaged property by the mortgager. The sale is void as to him. It is true a sale may promote the concealment or eloinment of such property from the mortgagee; but the same concealment or eloinment may be accomplished without incurring the penalty of this statute. The purchaser of the mortgaged property is always an injured party, if there be one. He is injured the moment he parts with his money, or gives any other consideration for property to which he obtains no title; and the court properly charged that subsequent amends will not bar a prosecution. No amends were in fact made in this case, which Burley accepted as such. If he had acquired a good title to the colt by his exchange with the defendant, he would have been a " party injured," and entitled to an action, if the colt had been taken from him by N. Ladd, or any one else, notwithstanding the property he gave for it had been tendered to him in return; yet that would be an injury to which he would not be obliged to submit. In this case he is compelled to submit to a similar wrong.

IV. The relationship of one of the jurors was unknown to the respondent or to the prosecuting officer, or to the court, until after the verdict. The defendant should have made inquiries before the trial, and should have taken his exception earlier. The exception is to be taken by *challenge*. 3 Bacon's Abr. 756; *Carmarthen* v. *Evans*, 10 Mees. & W. 274; *Prynne* v. *Titmarsh*, 10 Mees. & W. 605; 2 Dowl. N. S. 296; 2 Dowl. N. S. 474; *Eggleston* v. *Smiley*, 17 Johns. 133, (directly in point); *McLellan* v. *Crofton*, 6 Green. 329; *Quinnebaug Bank* v. *Leavens*, 20 Conn. 87.

But the juror was a cousin twice removed from the prosecutor, and it is submitted that such relationship is too remote to incapacitate him. *Blackstone*, citing Finch, states that a challenge *propter affectionem* is to be allowed if the juror is of kin within the ninth degree. 3 Bl. Com. 363. But it is doubtful whether so extreme a rule has ever been adopted in this country.

In *Eggleston* v. *Smiley*, 17 Johns. 133, the justice, and one of the jurors were half uncles of the plaintiff's wife, but the supreme court refused to set aside the verdict.

It has been holden to be no cause of challenge that the juror's sister is wife of the nephew of one of the parties, (*Rank* v. *Shewey*, 4 Watts 218); nor that he was brother to the counsel of one of the parties, (*Pidper* v. *Lodge*, 16 S. & R. 214); nor that the juror's father had married the widow of defendant's brother. *Com* v. *Ingham*, 7 Cowen 478.

In Vermont a juror is excluded who is within the *fourth* degree of affinity or consanguinity, reckoning according to the civil law. *Churchill* v. *Churchill*, 12 Verm. 661; *Hardy* v. *Sprowl*, 32 Maine 310.

But in all the books cited the relationship is said to be cause of challenge, and the rule seems to be that the objection must be so taken or it is waived.

FOWLER, J. A variety of questions are raised by the arguments in this case, to only one of which have we found it necessary to direct our attention. Before the trial, an objection was taken to the indictment, that it did not allege the colt to have been of any value, when sold by the respondent in violation of the statute. We are of opinion that this exception was fatal, and should have prevailed to discontinue the prosecution.

It is well settled, that in prosecutions for larceny it is necessary to allege some specific value of whatever articles are charged to have been stolen. Wharton's Criminal Law, 184, and authorities. The reason of the rule clearly is, that it is necessary to prove them of some value, both because articles of no value cannot be the subject of larceny, and because the

State *v.* Ladd.

degree of punishment depending on the value of the property stolen, it becomes essential that the value should be proved on trial, and found by the jury, to guide the judgment of the court in awarding punishment; and it is a familiar principle of pleading, that whatever is essential to be proved and found, must always be affirmatively alleged in the declaration or indictment. Gould's Pleading 172, chap. 4, § 7; Bac. Abr., Pleas, A. B. 1; 1 Archbold's Criminal Pleadings 86.

In indictments the special manner of the whole fact ought to be set forth with such certainty, and so specifically, that it may judicially appear to the court that the indictors have gone upon sufficient premises, in order that the court may know what judgment to pronounce upon conviction, that the defendant may clearly understand the charge he is called upon to answer, and that posterity may know what law is to be derived from the record. 2 Hale's P. C. 183, 184; Hawkins' P. C., b. 2, chap. 25, § 57; Cro. Eliz. 147, 201; Bac. Abr., Indictment, G, 1; Comyn's Dig., Indictment, G, 3; *Lambert* v. *The People,* 9 Cowen 578; *State* v. *Arlin,* 7 Foster 128; *State* v. *Locke,* decided in this county at this term, (*ante,* p. 106.)

In the present case, by the express terms of the statute the amount of the fine to be imposed upon the respondent, if convicted, depends on the value of the colt when sold. It was therefore essential that his value at the time of the sale should be proved on the trial, and found by the verdict of the jury; and if essential to be proved and found, it was necessary to be averred in the indictment.

It has been contended that the allegation of a sale implies that whatever was sold possessed some value, and also, that it having been alleged that the colt was of the value of eighty dollars when mortgaged, the fair presumption was that it continued to be of the same value to the time of the sale, unless the contrary was shewn. However correct such a doctrine as a rule of evidence, it does not seem to have any just application to the established principles of criminal pleading. Besides, under the Constitution, the respondent, in every criminal prose-

cution, is entitled to have the offence for which he is arraigned " fully and plainly, substantially and formally described to him," and this without resort to any implications or presumptions, whether of law or of fact.

Such being the view we entertain of the character of the first objection raised to the validity of the indictment, we have not deemed it advisable to express any opinion on the other questions presented, although some of them are of very considerable importance as matters of practice, or as involving the true construction of the statute on which this prosecution is based.

*The verdict must be set aside and the indictment quashed.*